Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/31/2026 08:19 AM CDT

State of Nebraska, appellee, v.
Louis M. Walker, appellant.

___ N.W.3d ___

Filed July 31, 2026.    No. S-25-761.

1. **Speedy Trial: Appeal and Error.** When reviewing a trial court's computation of the time a criminal defendant must be brought to trial under Neb. Rev. Stat. §§ 29-1207 and 29-1208 (Reissue 2016), an appellate court reviews the trial court's factual determinations and supporting specific findings pertaining to the exceptions listed in § 29-1207(4)(a) through (f) for clear error. However, the proper interpretation of § 29-1207(4) and its application to the undisputed historical facts of a case are questions of law.

2. **Judgments: Statutes: Appeal and Error.** When an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent, correct conclusion irrespective of the determination made by the court below.

3. **Speedy Trial.** The 6-month period within which an accused is to be brought to trial refers to a period of 6 calendar months, not 180 days.

4. **Speedy Trial: Complaints: Indictments and Informations.** For cases commenced with a complaint in county court but thereafter bound over to district court, the 6-month statutory speedy trial period does not commence until the filing of the information in district court.

5. **Speedy Trial: Indictments and Informations: Probable Cause: Waiver.** For cases commenced with a direct information, one filed initially in district court, the 6-month statutory speedy trial period does not commence until the information is deemed filed, either after an order is entered finding probable cause or the day the defendant waives the preliminary hearing.

6. **Speedy Trial.** A claimed denial of statutory speedy trial rights involves a relatively simple mathematical computation of whether the 6-month speedy trial clock, as extended by statutorily excludable periods, has expired prior to the commencement of trial.

7. ____. To calculate the time for speedy trial purposes, a court must exclude the day the period commenced, count forward 6 months, back up 1 day, and then add any time excluded under Neb. Rev. Stat. § 29-1207(4) (Reissue 2016) to determine the last day the defendant can be tried. The excluded periods are likewise computed by excluding the day of the act, event, or default after which the designated period of time begins to run.

8. **Speedy Trial: Proof.** When a defendant claims that he or she is entitled to absolute discharge under Neb. Rev. Stat. § 29-1208 (Reissue 2016), the State bears the burden to show, by a preponderance of the evidence, the applicability of one or more of the excluded time periods under Neb. Rev. Stat. § 29-1207(4) (Reissue 2016).

9. **Speedy Trial: Indictments and Informations.** When the State dismisses an information and later files another, the tacking-and-tolling approach applies.

10. **Speedy Trial: Indictments and Informations: Lesser-Included Offenses.** Under the tacking-and-tolling approach, the time between dismissal of an information and refiling is not includable, or is tolled, for purposes of the statutory 6-month period. However, any nonexcludable time that passed under the original information is tacked onto any nonexcludable time under the refiled information, if the refiled information alleges (1) the same offense charged in the previously dismissed information, (2) an offense committed simultaneously with a lesser-included offense charged in the information previously dismissed by the State, or (3) commission of a crime that is a lesser-included offense of the crime charged in the previously dismissed information.

11. **Speedy Trial: Pretrial Procedure.** The plain terms of Neb. Rev. Stat. § 29-1207(4)(a) (Reissue 2016) dictate the exclusion of all time between the filing of a defendant's pretrial motion and the final disposition of such motion, regardless of the promptness or reasonableness of the delay of disposition.

12. ____: ____. The period excludable under Neb. Rev. Stat. § 29-1207(4)(a) (Reissue 2016) for a defendant's pretrial motion commences on the day immediately after the filing of a defendant's pretrial motion and ends at final disposition, which occurs on the date the motion is granted or denied.

13. **Judgments: Speedy Trial: Appeal and Error.** Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous.

14. **Judgments: Time.** Determining whether a court disposed of a motion on a specific date is a question of fact.

15. **Judges: Evidence.** Comments by the trial judge are not evidence.
16. **Pretrial Procedure.** It is not the parties' actions that dispose of a motion for discovery, but the court's order granting or denying it.
17. **Speedy Trial: Waiver: Motions for Continuance.** A defendant permanently waives his or her statutory speedy trial rights under Neb. Rev. Stat. § 29-1207(4)(b) (Reissue 2016) when an ultimately unsuccessful motion for discharge results in the continuance of a timely trial to a date outside the statutory 6-month period, as calculated on the date the motion for discharge was filed.

Appeal from the District Court for Douglas County: Todd O. Engleman, Judge. Affirmed.

Thomas C. Riley, Douglas County Public Defender, and Christine A. Mori for appellant.

Michael T. Hilgers, Attorney General, and Stacy M. Foust for appellee.

Funke, C.J., Cassel, Stacy, Papik, Freudenberg, Bergevin, and Vaughn, JJ.

Bergevin, J.

## INTRODUCTION

In 2004, the State charged Louis M. Walker with two counts of murder in the first degree. That case was dismissed in 2005, but the State refiled the same charges in 2025. Walker appeals from the district court's denial of his motion for discharge under Neb. Rev. Stat. § 29-1208 (Reissue 2016). At issue on appeal is the district court's finding that a discovery motion filed by Walker in 2004 was not disposed of before the case was dismissed in 2005. We conclude that the district court did not err by overruling Walker's motion to discharge and affirm.

## BACKGROUND

### 2004 Information

On June 29, 2004, the State charged Walker by information in the district court for Douglas County with two counts of

murder in the first degree. Walker filed a motion for mutual and reciprocal discovery (discovery motion) on July 2, with a notice of hearing the next day—July 3. The record does not contain a journal entry or judge's notes for a hearing on July 3, or a written order disposing of Walker's discovery motion.

Judge's notes from September 1, 2004, indicate that the district court held a pretrial hearing for Walker's case, where Walker's counsel informed the court that he intended to file a pretrial motion. Accordingly, the court set Walker's motion for hearing on January 14, 2005, and scheduled a jury trial to begin on April 18.

On December 27, 2004, the district court held a hearing during which the court remarked that Walker's counsel had neglected to file a pretrial motion as he informed the court on September 1 he would do. Walker's counsel acknowledged this oversight and contended that, as a result, the speedy trial clock was not stopped. He then orally made several pretrial motions on the record. The court commented that "if these motions are not timely today for some reason, then of course [speedy trial] will have run on the 29th [of December]." Walker filed his pretrial motions the same day.

Relevant to Walker's argument on appeal, he filed a motion for additional discovery on March 10, 2005. On June 6, the district court entered an order to dismiss the case upon the county attorney's motion.

## 2025 Information

On February 10, 2025, the State filed a criminal complaint in the county court for Douglas County, charging Walker with the same two counts of murder in the first degree as the 2004 information. Subsequently, the State moved to supersede the county court and file directly in the district court. The county court granted the State's motion, and on February 14, the State filed an information in the district court for Douglas County. The case was assigned to a different judge than the judge who presided over the 2004 case.

After a preliminary hearing, the district court entered an order on March 24, 2025, finding that the State had adduced sufficient evidence, which, if believed by a trier of fact, would show that the charged crimes had been perpetrated and that there was probable cause to believe Walker committed the charged crimes. On April 10, the court entered an order scheduling a jury trial for August 18. On May 1, the court entered an amended order on preliminary hearing, wherein it added that it found probable cause for the State's alternative theory of murder in the first degree against Walker concerning one of the two victims.

On June 23, 2025, Walker filed a motion to take a deposition. He then filed a motion for additional discovery on July 2 and a motion in limine on July 22.

On July 31, 2025, Walker filed a motion for discharge on statutory grounds. At that time, the district court had not ruled on Walker's motion for additional discovery or his motion in limine. The court held a hearing on August 18, at which time it received evidence from both Walker and the State. Walker introduced an uncertified, electronic copy of the 2004 case file; screenshots of entries from Douglas County on "JUSTICE," Nebraska's online trial court case management system; and an uncertified document, "judge's notes." The State adduced a certified copy of the 2004 case file, certified bills of exceptions for all but one of the hearings during the pendency of the 2004 case, and a copy of the pleadings filed by both parties during the 2025 case.

In his motion for discharge, Walker contended that the State failed to bring his matter to trial within the 6-month statutory period. In support, Walker argued that the evidence he introduced indicated that his discovery motion was ruled upon on July 3, 2004.

The evidence Walker relied on included a section of the judge's notes, which had the entry "07032004, 900AM" underneath "For Date: 07/02/2004." Walker also pointed to a screenshot from JUSTICE, which had a similar entry. Walker

contended that the judge's comments at the December 27, 2004, hearing and Walker's subsequent motion for "additional" discovery on March 10, 2005, confirmed that the district court granted his motion for discovery on July 3, 2004.

At the end of the hearing on August 18, 2025, the district court found good cause not to go to trial that day, based on Walker's motions, a motion in limine from the State, and briefing requested by the court. The court set a status hearing for September 18.

The district court entered an order denying Walker's motion for discharge on September 17, 2025. The court found that the 6-month period for speedy trial purposes commenced on March 24, when the court found probable cause for both counts in the information. As a result, Walker's original speedy trial deadline was September 24. The court then used the tacking-and-tolling approach in its speedy trial calculation because the same two charges dismissed in 2004 were refiled in 2025.

Under the 2004 information, the district court found only 3 nonexcludable days to tack on—from June 29, 2004, when the State filed the information, to July 2, when Walker filed his discovery motion. The court found that nothing in the record indicated that the discovery motion was ever formally ruled upon. Specifically, the court determined that neither the judge's notes nor the judge's comments made at the December 27 hearing indicated that the discovery motion was addressed. The court rejected Walker's argument that the filing of subsequent motions suggests that the court granted his motion for discovery on July 3. The court relied on *State v. Washington*,[1] where this court ruled that final disposition under Neb. Rev. Stat. § 29-1207(4)(a) (Reissue 2016) occurs on the date the motion is ""'"granted or denied."'""

Under the 2025 information, the district court found 108 excludable days. It found 21 excludable days between

---

[1] *State v. Washington*, 269 Neb. 728, 731, 695 N.W.2d 438, 440 (2005) (quoting *State v. Covey*, 267 Neb. 210, 673 N.W.2d 208 (2004)).

April 10, 2025, when Walker filed a motion for discovery, and May 1, when the court granted the motion. It also found that the speedy trial clock was continuously tolled for 87 days from June 23, when Walker filed his motion to take a deposition, to September 17, when the court entered its order denying Walker's motion for discharge. After factoring in the 3 nonexcludable days under the 2004 information and the 108 excludable days under the 2025 information, the court found that Walker's new speedy trial date was January 7, 2026, and concluded that his statutory right to a speedy trial had not been violated.

On October 8, 2025, Walker filed a timely appeal. We removed this case from the Nebraska Court of Appeals' docket on our own motion.[2]

## ASSIGNMENT OF ERROR

Walker assigns, restated, that the district court erred in denying his motion for discharge under § 29-1208, because the State failed to prove that the July 2, 2004, discovery motion was not disposed of before the case's dismissal.

## STANDARD OF REVIEW

[1,2] When reviewing a trial court's computation of the time a criminal defendant must be brought to trial under §§ 29-1207 and 29-1208, an appellate court reviews the trial court's factual determinations and supporting specific findings pertaining to the exceptions listed in § 29-1207(4)(a) through (f) for clear error.[3] However, the proper interpretation of § 29-1207(4) and its application to the undisputed historical facts of a case are questions of law.[4] When an appeal calls for statutory interpretation or presents questions of law, an

---

[2] Neb. Rev. Stat. § 24-1106 (Cum. Supp. 2024).

[3] *State v. Dolinar*, 319 Neb. 565, 24 N.W.3d 30 (2025).

[4] *Id.*

appellate court must reach an independent, correct conclusion irrespective of the determination made by the court below.[5]

## ANALYSIS

Walker argues that he is entitled to absolute discharge under § 29-1208. He contends that the State did not bring him to trial within 6 months as required by § 29-1207. According to Walker, "the pivotal question is whether the July 2, 2004, discovery motion was ruled upon on July 3, 2004."[6] Walker contends that "[t]he record indicates that it was."[7] For support, Walker relies on the evidence mentioned in the background section above: The judge's notes; a screenshot from JUSTICE; the judge's comments at the December 27, 2004, hearing; and the motion for additional discovery filed in the 2004 case. Walker argues that the record establishes by a preponderance of the evidence that the discovery motion was disposed of on July 3, 2004.

The State submits that neither the notice of hearing nor the judge's notes show that Walker's July 2, 2004, discovery motion was granted. As for the judge's comments at the December 27 hearing, the State argues that such comments do not mention the motion for discovery. The State asserts that, rather, the comments relate only to the pretrial motions that Walker's counsel informed the court he intended to file.

The State argues that Walker's subsequent motions do not prove that the district court ruled on his July 2, 2004, discovery motion. It contends that the court did not need to grant Walker's July 2 discovery motion for the State to provide discovery to him. Further, the State argues that the parties' actions do not determine when a court disposes of a motion. Instead, it is only when the court grants or denies the motion that it is disposed of.

---

[5] *Id.*

[6] Brief for appellant at 15.

[7] *Id.*

Before addressing the parties' arguments, we first review the legal principles governing motions for discharge under §§ 29-1207 and 29-1208.

### Legal Principles

[3-5] Under § 29-1207(1), "[e]very person indicted or informed against for any offense shall be brought to trial within six months, and such time shall be computed as provided in this section." The 6-month period within which an accused is to be brought to trial refers to a period of 6 calendar months, not 180 days.[8] For cases commenced with a complaint in county court but thereafter bound over to district court, the 6-month statutory speedy trial period does not commence until the filing of the information in district court.[9] For cases commenced with a direct information, one filed initially in district court, the 6-month statutory speedy trial period does not commence until the information is deemed filed, either after an order is entered finding probable cause or the day the defendant waives the preliminary hearing.[10]

[6-8] A claimed denial of statutory speedy trial rights involves a relatively simple mathematical computation of whether the 6-month speedy trial clock, as extended by statutorily excludable periods, has expired prior to the commencement of trial.[11] To calculate the time for speedy trial purposes, a court must exclude the day the period commenced, count forward 6 months, back up 1 day, and then add any time

---

[8] *State v. Dolinar, supra* note 3.

[9] *Id.* See § 29-1207(2) ("period shall commence to run from the date . . . the information [is] filed").

[10] See *State v. Boslau*, 258 Neb. 39, 601 N.W.2d 769 (1999). See, also, § 29-1207(2) ("period shall commence to run from the date . . . the information [is] filed") and Neb. Rev. Stat. § 29-1607 (Reissue 2016) ("[n]o information shall be filed . . . until such person shall have had a preliminary examination . . . unless such person shall waive his or her right to such examination").

[11] *State v. Dolinar, supra* note 3.

excluded under § 29-1207(4) to determine the last day the defendant can be tried.[12] The excluded periods are likewise computed by """excluding the day of the act, event, or default after which the designated period of time begins to run."""[13] When a defendant claims that he or she is entitled to absolute discharge under § 29-1208, the State bears the burden to show, by a preponderance of the evidence, the applicability of one or more of the excluded time periods under § 29-1207(4).[14]

[9,10] When the State dismisses an information and later files another, the tacking-and-tolling approach applies.[15] Under the tacking-and-tolling approach, the time between dismissal of an information and refiling is not includable, or is tolled, for purposes of the statutory 6-month period.[16] However, any nonexcludable time that passed under the original information is tacked onto any nonexcludable time under the refiled information, if the refiled information alleges (1) the same offense charged in the previously dismissed information, (2) an offense committed simultaneously with a lesser-included offense charged in the information previously dismissed by the State, or (3) commission of a crime that is a lesser-included offense of the crime charged in the previously dismissed information.[17]

[11,12] Relevant to the case before us, the plain terms of § 29-1207(4)(a) dictate the exclusion of all time between the filing of a defendant's pretrial motion and the final disposition

---

[12] *Id.*

[13] *Id.* at 577, 24 N.W.3d at 41 (quoting Neb. Rev. Stat. § 25-2221 (Cum. Supp. 2024)).

[14] *State v. Dolinar, supra* note 3.

[15] See *State v. Sumstine*, 239 Neb. 707, 478 N.W.2d 240 (1991).

[16] *State v. Hettle*, 288 Neb. 288, 848 N.W.2d 582 (2014). See, *State v. Karch*, 263 Neb. 230, 639 N.W.2d 118 (2002); *State v. French*, 262 Neb. 664, 633 N.W.2d 908 (2001); *State v. Trammell*, 240 Neb. 724, 484 N.W.2d 263 (1992).

[17] *State v. Hettle, supra* note 16.

of such motion, regardless of the promptness or reasonableness of the delay of disposition.[18] The period excludable under § 29-1207(4)(a) commences on the day immediately after the filing of a defendant's pretrial motion and ends at final disposition, which occurs on the date the motion is granted or denied.[19]

### July 2, 2004, Motion for Discovery

[13,14] The disputed period of time concerns Walker's July 2, 2004, discovery motion. Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous.[20] Determining whether a court disposed of a motion on a specific date is a question of fact. Therefore, we review the district court's finding that Walker's July 2 discovery motion was never disposed of for clear error.[21]

Upon reviewing the record, we cannot say that the district court clearly erred in finding that the court did not dispose of Walker's July 2, 2004, motion for discovery on July 3. The notice of hearing does not show that a hearing took place. The same goes for the entries that Walker refers to in the judge's notes and on JUSTICE.

[15] Walker argues that the district court's concern that the speedy trial clock would run on December 29, 2004, shows Walker's discovery motion was not pending at that time to toll the speedy trial clock. We are unpersuaded by this argument. In other speedy trial cases, when determining whether there was good cause for a continuance, we have explained that

---

[18] See *State v. Nelson*, 313 Neb. 464, 984 N.W.2d 620 (2023).

[19] *Id*. See *State v. Williams*, 277 Neb. 133, 761 N.W.2d 514 (2009).

[20] *State v. Abernathy*, 310 Neb. 880, 969 N.W.2d 871 (2022).

[21] See *State v. Dolinar, supra* note 3.

"'comments by the trial judge are not evidence.'"[22] However, the question in this case is whether the district court disposed of Walker's discovery motion. Assuming, without deciding, that the trial judge's comments at the hearing on December 27 are evidence in this case, they carry little, if any, weight. Those comments do not establish that the court had already disposed of Walker's discovery motion.

[16] We agree with the district court that Walker's subsequent motions do not prove that the court granted his July 2, 2004, discovery motion. As *State v. Washington* illustrates, parties may exchange discovery without a court order.[23] It is not the parties' actions that dispose of the motion for discovery, but the court's order granting or denying it.[24] Here, the record does not contain an order granting or denying Walker's discovery motion.

The district court did not clearly err in finding that the court did not dispose of Walker's July 2, 2004, discovery motion on July 3. Because the proper interpretation of § 29-1207(4) and its application to the undisputed historical facts of a case are questions of law,[25] we continue to review the district court's computation of excludable periods de novo.[26]

The time between the State's filing of the information on June 29, 2004, and Walker's filing of his July 2 motion for discovery resulted in a total of 3 nonexcludable days at the time the 2004 information was dismissed on June 6, 2005. Neither party suggests that Walker's July 2, 2004, discovery motion created an excludable period beyond the court's dismissal of the case.

---

[22] See *State v. Rashad*, 316 Neb. 101, 112, 3 N.W.3d 325, 333 (2024) (quoting *State v. Baird*, 259 Neb. 245, 609 N.W.2d 349 (2000)).

[23] See *State v. Washington, supra* note 1.

[24] See *id.*

[25] *State v. Dolinar, supra* note 3.

[26] See, *id.*; *State v. Ramos*, 319 Neb. 511, 23 N.W.3d 640 (2025).

Because the State refiled the same charges against Walker, the tacking-and-tolling approach applies. The 3 nonexcludable days under the 2004 information are tacked onto any nonexcludable time under the refiled information in 2025.

### Application of § 29-1207(4)

The parties agree with the district court's computation of excludable periods after the refiling of the charges against Walker.

Where a "direct information" has been filed, as was done here, the commencement of the 6-month period for speedy trial act purposes occurs upon either the finding of probable cause at a preliminary hearing or the date the defendant waives the preliminary hearing.[27] The district court entered its order on March 24, 2025, finding probable cause to believe that Walker committed the charged crimes. Thus, the 6-month period for speedy trial purposes commenced that day and Walker needed to be brought to trial by September 24. Subtracting the 3 nonexcludable days from the speedy trial period pertaining to the 2004 information changes the speedy trial date to September 21, 2025.

There were 21 excludable days between the filing of Walker's motion for discovery on April 10, 2025, and the court's disposition of that motion on May 1. This excludable time moved Walker's speedy trial date to October 12. Walker tolled the speedy trial clock again on June 23 by filing a motion to take a deposition, and the clock remained tolled for the duration of the 2025 information, due to Walker's filing of subsequent motions. Thirty-eight days of excludable time elapsed between June 23 and July 31, when Walker filed his motion for discharge. At that time, Walker needed to be brought to trial by November 19.

The district court calculated Walker's speedy trial deadline to be January 7, 2026, when it entered its order on the motion

---

[27] See *State v. Boslau, supra* note 10.

for discharge. The court arrived at that date by starting on September 24, 2025, the original speedy trial deadline, adding 108 excludable days under the 2024 information, and subtracting 3 nonexcludable days under the 2004 information. The court did not make an express finding of whether there was a violation of Walker's statutory speedy trial right as of the date he filed his motion—July 31, 2025.[28] As noted above, on the date that Walker filed his motion for discharge, the speedy trial deadline was November 19. On our de novo review, we find that Walker was not entitled to absolute discharge under § 29-1208 when he requested that relief on July 31.

[17] A defendant permanently waives his or her statutory speedy trial rights under § 29-1207(4)(b) when an ultimately unsuccessful motion for discharge results in the continuance of a timely trial to a date outside the statutory 6-month period, as calculated on the date the motion for discharge was filed.[29] Walker filed his motion for discharge on July 31, 2025. This resulted in the continuance of his jury trial, which was initially set for August 18. As explained above, Walker needed to be brought to trial by November 19, at the time he filed his motion for discharge. We have since passed this statutory 6-month period. Because we find that Walker's motion is ultimately unsuccessful, this results in a permanent waiver of Walker's statutory speedy trial rights.

## CONCLUSION

We conclude that the district court did not clearly err in its factual determination that Walker's 2004 discovery motion

---

[28] See, *State v. Dolinar, supra* note 3 (motion for discharge's success is calculated as of date of its filing); *State v. Lear*, 316 Neb. 14, 2 N.W.3d 632 (2024) (same); *State v. Mortensen*, 287 Neb. 158, 841 N.W.2d 393 (2014) (same). See, also, *State v. Nelson, supra* note 18; *State v. Lovvorn*, 303 Neb. 844, 932 N.W.2d 64 (2019); *State v. Williams, supra* note 19.

[29] See *State v. Dolinar, supra* note 3.

was not ruled upon. On our de novo review, we further conclude that Walker's speedy trial rights had not been violated at the time he filed his motion for discharge in 2025. Accordingly, we affirm the judgment of the district court. Because Walker's motion continued the trial to a date beyond the statutory 6-month period, Walker has permanently waived his statutory right to a speedy trial.

Affirmed.